### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GREGORY LEE,

      Petitioner,                  Case Number 2:19-CV-11962
                                        HONORABLE PAUL D. BORMAN

v.                                  UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

      Respondent,

_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Gregory Lee, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

## I. BACKGROUND

      Petitioner was originally charged with two counts of first-degree murder and one count of felony-firearm. Petitioner was convicted following a jury trial in the

Wayne County Circuit Court of two counts of the lesser included offense of

second-degree murder and guilty as charged of felony-firearm.  This Court recites

verbatim the relevant facts relied upon by the Michigan Court of Appeals, which

are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from defendant's murder of cousins Lorne Jones and
> Eric Jones. Defendant met with the two in order to purchase marijuana.
> However, a verbal altercation ensued after words were exchanged
> regarding the murder of "Brad"—a close friend of defendant, whom
> defendant believed was murdered by Lorne and Eric. Defendant shot
> both men approximately 22 times, killing them. After defendant was
> arrested, he told police officers that he killed the two for "[w]hat they
> did to Brad." At trial, defendant testified that he saw Lorne reaching for
> his waistband and that he saw a gun. Defendant immediately pulled out
> his gun and started shooting. After trial, defendant was convicted, and
> now appeals.

*People v. Lee*, No. 325039, 2016 WL 1533554, at * 1 (Mich. Ct. App. Apr. 14,

2016).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 500 Mich. 897

(2016).

Petitioner filed a post-conviction motion for relief from judgment, which

was denied. *People v. Lee,* No. 14-002138-01-FC (Wayne Cnty. Cir. Ct., Apr. 25,

2017).  The Michigan appellate courts denied petitioner's post-conviction appeal.

*People v. Lee,* No. 340660 (Mich. Ct. App. Jan. 4, 2018); *lv. den.* 503 Mich. 859

(2018).

Petitioner seeks habeas relief on the following grounds:

I. Mr. Lee was denied his constitutional right to a fair trial[,] [a] properly instructed jury[,] and [his] right to present a defense under the 6th and 14th Amendment[s] and Const 1963[,] art. 1 §§ 17 and 20 where no manslaughter instruction was given.

II. Mr. Lee was denied his constitutional and statutory right to be present at a critical stage of the proceeding, i.e., a re-instruction or supplemental instruction to the jury.

III. Mr. Lee was denied his constitutional right to a fair trial and a right to present a defense under the 6th Amendment of the United States Constitution where the prosecutor committed prosecutorial misconduct: utilizing the prestige of her office by withholding contact information for witnesses[.] Also[,] Mr. Lee was prejudiced where the prosecutor obtained past and present records to inject new issues into the trial in an inflammatory manner to confuse the jury.

IV. Reversal is required where the [trial] court abused its discretion by denial of [Lee's] motion to suppress confession and evidentiary hearing without cause though prior judge had set a hearing date[.] Also[,] the trial court failed to clear the record of inflammatory questions posed by the prosecutor and prejudiced [Lee] by not allowing prior knowledge testimony by [Lee] which hindered his opportunity to present a defense[.] . . . [F]urther, the [trial] court intentionally oversentenced [Lee] which purposely overpunished [Lee] which was a violation of Lee's 14th Amendment rights.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. DISCUSSION

### A. Claim # 1. The lesser included offense instruction.

Petitioner first claims that the judge erred in failing to instruct the jurors on the lesser included offense of voluntary manslaughter.

4

Respondent urges this Court deny this claim because it is procedurally defaulted as petitioner failed to preserve the claim at trial by raising an objection on constitutional grounds, even though respondent and the Michigan Court of Appeals both acknowledge that defense counsel twice requested that the jury be given an instruction on the lesser offense of voluntary manslaughter.

Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. The procedural bar issue here is complicated. Petitioner's counsel did request the judge to give the jurors an instruction on the lesser included offense of voluntary manslaughter, even if he did not specifically argue that the failure to give such an instruction violates the federal constitution. When a state court erroneously applies a procedural bar that has no foundation in either the record or under state law, a federal court need not honor that procedural bar. *See Walker v. Engle,* 703 F.2d 959, 967 (6th Cir. 1983). Moreover, petitioner's claim is non-cognizable, it is thus easier to get to the merits

5

of the claim rather than to unravel the complications of the procedural default

issue.

"The Supreme Court…has never held that the Due Process Clause requires

instructing the jury on a lesser included offense in a non-capital case." *McMullan*

*v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (*citing Beck v. Alabama,* 447 U.S.

625, 638, n. 4 (1980)). " Simply put, 'the Constitution does not require a lesser-

included offense instruction in non-capital cases.'" *Id.* (*quoting Campbell v. Coyle*,

260 F.3d 531, 541 (6th Cir. 2001) (*citing Bagby v. Sowders*, 894 F.2d 792, 795-97

(6th Cir. 1990) (en banc)). "Because the Supreme Court has never held that due

process requires lesser-included-offense instructions in a non-capital case,

[petitioner's] claim rests on no such federal ground." *Id.* Petitioner is not entitled

to habeas relief on his first claim.

**B. Claim # 2. The right to be present claim.**

Petitioner next claims that his right to be present at all critical stages of his

trial was violated when the judge gave a corrected flight instruction to the jurors

after petitioner had been taken out of the courtroom.

A defendant has a constitutional right to "be present at any stage of the

criminal proceeding that is critical to its outcome if his presence would contribute

to the fairness of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745 (1987).

This right, however, "is not absolute, but exists only when 'his presence has a

6

relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" *U.S. v. Henderson*, 626 F.3d 326, 343 (6th Cir. 2010) (*quoting United States v. Brika*, 416 F.3d 514, 526 (6th Cir. 2005) (*quoting Kentucky v. Stincer*, 482 U.S. at 745). "In other words, the defendant's presence is not guaranteed when it would be 'useless,' but only 'to the extent that a fair and just hearing would be thwarted by his absence.'" *Id.* (*quoting Brika,* 416 F.3d at 526). Indeed, the U.S. Constitution "does not require the defendant to be present when his 'presence would be useless, or the benefit but a shadow.'" *Cathron v. Jones,* 190 F. Supp. 2d 990, 1001 (E.D. Mich. 2002) (*quoting Snyder v. Massachusetts,* 291 U.S. 97, 106-107 (1934); *overruled on other grounds by Malloy v. Hogan,* 378 U.S. 1 (1964)). A defendant's presence at a hearing is "largely a matter of form" when a defendant's lawyer is present at proceedings which raise largely legal issues. *Cathron,* 190 F. Supp. 2d at 1001-1002 (*quoting Fisher v. Roe,* 263 F.3d 906, 916 (9th Cir. 2001)).

In *Brika*, the Sixth Circuit Court of Appeals held that the defendant's absence, where "the judge did nothing more than give the jurors a technical and perfunctory rereading or explanation of previously-given instructions," did not deprive the defendant of a fair trial. *Id.,* 416 F.3d at 527.

In this case, petitioner has failed to show how his absence from court when the judge gave the jurors a corrected instruction on flight prejudiced him or

deprived him of a fair trial.  Petitioner is not entitled to habeas relief on his second claim.

### C.  Claim # 3.  The prosecutorial misconduct claims.

Petitioner next contends he was denied a fair trial because of prosecutorial misconduct.

Respondent contends that the two subclaims are procedurally defaulted because petitioner failed to preserve them at trial. As with petitioner's first claim, it appears that defense counsel did make some attempts to raise objections to these claims, thus, it is unclear whether there has been a procedural default. As with petitioner's first claim, it is unnecessary to resolve the procedural default issue because petitioner's prosecutorial misconduct claims are meritless.

Petitioner first alleges that the prosecutor failed to provide defense counsel with the contact information for several witnesses: Nader Mohammed Sherrie, Terrance Anthony Collins, Sharde Thomas, and Latasha Henderson.  Petitioner's defense counsel had informed the judge that the Detroit Police Department reports contained the names of these individuals and contact information, but that the contact information had been redacted.

The Michigan Court of Appeals rejected petitioner's claim.  The Michigan Court of Appeals did find that the prosecutor had violated Michigan's rules of discovery by not providing this information to petitioner. *People v. Lee*, 2016 WL

1533554, at * 4. The Michigan Court of Appeals concluded, however, that

petitioner's substantial rights had not been violated:

> However, the violation does not affect defendant's substantial rights. Defendant does not show how the presence of the witnesses would have affected the outcome of the trial. The record is sparse as to what the witnesses would have precisely testified. However, defense counsel's general contention was that these witnesses would have stated that Lorne and Eric admitted to being involved in Brad's murder, and that Lorne and Eric picked on defendant previously. However, defendant himself testified that he was afraid of Lorne and that he was acting in self-defense. The jury also heard that defendant told police that Lorne and Eric were involved in Brad's murder. Thus, we are not convinced that these witnesses would have changed the outcome of the trial, especially considering the substantial evidence admitted against defendant at trial, including defendant's prior inconsistent statement to police, where he stated that he shot and killed Lorne and Eric. In addition, there was an eyewitness who saw defendant leaving the scene, and the evidence showed that the victims were shot 22 times. Accordingly, defendant's substantial rights were not affected by the violation.

*People v. Lee*, 2016 WL 1533554, at * 4 (internal citations omitted).

It is well-settled that there is no general constitutional right to discovery in a

criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (denying due

process claim of a defendant who was convicted with aid of surprise testimony

from an accomplice who was an undercover agent); *United States v. Presser*, 844

F.2d 1275, 1281 (6th Cir. 1988) (*citing Weatherford*).  A claim that a prosecutor

violated state discovery rules is not cognizable in federal habeas review, because it

is not a constitutional violation. *See Lorraine v. Coyle,* 291 F.3d 416, 441 (6th Cir.

2002). Petitioner would not be entitled to habeas relief simply because the

prosecutor violated M.C.R. 6.201 or some other Michigan rule regarding discovery.

It is true that suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985).  In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.  "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002).

Petitioner is not entitled to habeas relief because he failed to show that any of these witnesses would have testified favorably for petitioner.  A habeas petitioner bears the burden of showing the prosecution suppressed exculpatory

evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012).  Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).  "[M]ere speculation that a government file may contain *Brady* material is not sufficient" to prove a due-process violation. *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir.1999).

Petitioner provided no affidavits from these witnesses or any other evidence to this Court showing that any of these witnesses would have provided exculpatory evidence for petitioner.  The only evidence that petitioner provided to the state courts in support of his claim is the police statement of Nadar Mohammed Sherrie, which he attached to his application for leave to appeal in the Michigan Supreme Court. (ECF No. 9-15, PageID.1127-28).  Although petitioner alleges that Mr. Sherrie "would testify that he witnessed [one of the victims] being aggressive and yelling and becoming physically aggressive with [Lee two] days prior to the murders," (ECF No. 1, PageID.32–33), in his police statement, Mr. Sherrie only states that a few days prior to the shooting, one of the victims "was yelling at the shooter and the shooter didn't say anything. After[,] they came into the gas station and acted like everything was cool." (ECF No. 9-15, PageID.1128).  Mr. Sherrie's statement to the police does not support petitioner's self-defense claim.

Petitioner has failed to show that any of the witnesses exculpated him of this crime.  Petitioner is therefore not entitled to habeas relief on his *Brady* claim. *Burns,* 328 F. Supp. 2d at 724.

Petitioner also claims that the prosecutor committed misconduct by violating M.R.E. 404(b)'s prohibition on the use of prior bad acts evidence when she questioned petitioner about a prior shooting that petitioner was involved in.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (*citing Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (*quoting Harrington*, 562 U.S. at 103).

Although F.R.E. 404(b) and its state counterpart M.R.E. 404(b) generally prohibit a prosecutor from questioning a defendant about prior bad acts, the United

12

States Supreme Court has never held that the federal constitution forbids a

prosecutor from doing so, thus the rejection of petitioner's prosecutorial

misconduct claim by the Michigan courts would not entitle petitioner to habeas

relief. *See Wagner v. Klee*, 620 F. App'x 375, 378 (6th Cir. 2015).  Petitioner is not

entitled to relief on his third claim.

### D. Claim # 4.  Petitioner's remaining claims are procedurally defaulted.

Petitioner's final claim raises several grounds for relief.

Respondent contends that petitioner's remaining issues are procedurally

defaulted because petitioner raised these claims for the first time in his post-

conviction motion and failed to show cause and prejudice for failing to raise these

claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural

bar, federal habeas review is also barred unless petitioner can demonstrate "cause"

for the default and actual prejudice as a result of the alleged constitutional

violation, or can demonstrate that failure to consider the claim will result in a

"fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51

(1991).  If petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S.

527, 533 (1986).  However, in an extraordinary case, where a constitutional error

has probably resulted in the conviction of one who is actually innocent, a federal

13

court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Lee*, 503 Mich. at 859. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Lee,* No. 340660 (Mich. Ct. App. Jan. 4, 2018) (ECF No. 9-14, PageID.1021). These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Wayne County Circuit Court judge, in rejecting petitioner's post-conviction claims, indicated that petitioner was not entitled to relief on his claims because he failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise the issues on his direct appeal. *People v. Lee,* No. 14-002138-01-FC, at *3 (Wayne Cnty. Cir. Ct., Apr. 25, 2017) (ECF No. 9-9, PageID.804). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's remaining claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007).

Petitioner has offered no reasons for his failure to raise his remaining claims on his appeal of right.  Petitioner did not raise a claim of ineffective assistance of counsel, or any other reason, to excuse the procedural default.  By failing to raise any claim or issue to excuse the procedural default, petitioner "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider any of his claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner does not deny shooting the victims but claims he did so in self-defense.  There is some question as to whether petitioner's self-defense claim

amounts to a claim of factual innocence which would satisfy the fundamental miscarriage exception to the procedural default rule. *See Caldwell v. Russell,* 181 F.3d 731, 739-40 (6th Cir. 1999).  In the statute of limitations context, the Sixth Circuit has held that a habeas petitioner's claim that he acted in self-defense amounted to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See Harvey v. Jones,* 179 F. App'x 294, 298-99 (6th Cir. 2006) (collecting cases).  Moreover, in light of the fact that both victims appear to have been unarmed because no weapons were found by the police in the car in which the victims had been sitting (ECF No. 9-4, PageID.456, ECF No. 9-5, PageID.517), and excessive force was used, in that petitioner fired 22 gunshots, petitioner's self-defense claim is unconvincing, and thus, he has failed to establish that a miscarriage of justice occurred that would excuse the default in this case. *See Gentry v. Trippett,* 956 F. Supp. 1320, 1327 (E.D. Mich. 1997).  Petitioner is not entitled to relief on his fourth claim.

The Court denies the petition for writ of habeas corpus.

The Court denies petitioner a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and **DENIES** leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

DATED:  August 8, 2022

18